UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLEN TOWNSEND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.  4:11CV01420 AGF |
| ) | |
| HOFFMANN-LA ROCHE, INC, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to remand and request for expedited consideration, and Defendant's motion to stay pending transfer of the case by the Judicial Panel on Multidistrict Litigation to the Accutane Multi-District Litigation.

This products liability suit was brought by 12 named Plaintiffs in the Circuit Court for the City of St. Louis, Missouri.  Plaintiffs allege that they sustained gastrointestinal injuries as a result of using Accutane, a drug mass-produced and mass-marketed by Defendants.  Defendants are not citizens of Missouri, and there is diversity of citizenship between them and 11 of the 12 Plaintiffs.  The other Plaintiff is a citizen of New Jersey, which is also the residence of two of the four Defendants.

Defendants removed the case to this Court asserting that the New Jersey Plaintiff was fraudulently joined for the sole purpose of destroying diversity and defeating federal jurisdiction.  In support of their motion to remand due to lack of complete diversity, Plaintiffs argue that their claims are properly joined under *In re Prempro Products*

*Liability Litigation*, 591 F.3d 613 (8th Cir. 2010).  In *In re Prempro*, multiple plaintiffs joined in a single suit, asserting claims against multiple pharmaceutical manufacturers for injuries the plaintiffs alleged resulted from the manufacturers' negligent design, testing, and warning of certain drugs.  Some of the plaintiffs were citizens of the same state of at least one of the manufacturers.  The defendants removed the case to federal court, asserting "fraudulent misjoinder" of those plaintiffs.

> Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.  In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

*In re Prempro*, 591 F.3d at 620 (quoting another source.)[1]

Though noting that some courts had rejected the theory of fraudulent misjoinder, the Eighth Circuit declined to rule on that basis, but found that the claims of all plaintiffs, including the non-diverse plaintiffs were "logically related" within the meaning of Rule 20(a)(1) of the Federal Rules of Civil Procedure, and that even if the doctrine of fraudulent misjoinder were adopted, the alleged misjoinder was "not so egregious as to constitute fraudulent misjoinder."  Id. at 622.  The Court noted that given the nature of

---

[1]  In *In re Prempro*, the Court distinguished fraudulent misjoinder from fraudulent joinder, which "occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  *In re Prempro*, 591 F.3d at 620.

2

the plaintiffs' claims, the litigation was likely to contain common questions of law and fact. *Id.* at 623.

Defendants acknowledge that based on *In re Prempro*, several judges in this district, including the undersigned, have held, in factual scenarios similar to that presented here, that the plaintiffs were entitled to have their case remanded to state court due to the lack of complete diversity. *See, e.g., Coleman v. Bayer Corp.*, No. 4:10CV1639 SNLJ; (E.D. Mo. Dec. 10, 2010)*; Dickerson v. GlaxoSmithKline, LLC.*, No. 4:CV00972 AGF (E.D. Mo. July 12, 2010); *Douglas v. GlaxoSmithKline, LLC*, No. 4:10CV971 CDP (E.D. Mo. July 1, 2010).

Defendants ask the Court to break with this line of cases, adopt the doctrine of fraudulent misjoinder, and hold that the New Jersey Plaintiff was "egregiously misjoined."  Given the broad definition of proper joinder adopted by the Eighth Circuit in *In re Prempro*, this Court feels compelled to find no fraudulent misjoinder here.  The claims of all Plaintiffs are against the same Defendants, related to the same drug, and there is no dispute that the litigation is likely to contain common questions of law and fact.  Thus the Court concludes that the issue before it is governed by the essential holding of *In re Prempro*, namely, that the doctrine of fraudulent misjoinder does not apply to the joinder of a nondiverse plaintiff who is a real party in interest, where the litigation is likely to contain common questions of law and fact.  The Eighth Circuit explained in *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400 (8th Cir. 1997), as follows:

-3-

> [I]f the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material. . . . If under our dual court system a potential plaintiff has a choice between a state forum and a federal forum, it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by the device of properly joining a . . . a nondiverse co-plaintiff, he is free to do so.

556 F.2d at 404, 406.

Here there is no dispute that the nondiverse Plaintiff is a real party in interest seeking to recover against Defendants for her own alleged injuries.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**. [Doc. #8]

**IT IS FURTHER ORDERED** that Defendants' motion to stay is **DENIED**. [Doc. #10]

**IT IS FURTHER ORDERED** that the Clerk of Court shall take all necessary administrative steps to remand this case to the Circuit Court for the City of St. Louis, Missouri, from which it was removed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2011.